IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:23-CR-87-TAV-JEM |
| ANTOINE D. WINBUSH, | ) | |
| TARIUS S. MYERS, | ) | |
| ALISON M. GRACE, and | ) | |
| PRINCE L. BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Prince Brown's Second Motion to Continue Trial and All Deadlines [Doc. 55], filed on January 18, 2024 and Defendant Antoine Winbush's Motion to Join Co-Defendant's Motion to Continue (Doc. 55) and Motion to Continue [Doc. 59], filed on January 22, 2024.

Defendant Brown asks the Court to continue the February 20, 2024 trial date and all related deadlines. In support of his motion, Defendant Brown states that he "had his initial appearance and arraignment on October 17, 2023" and defense counsel has "only recently completed reviewing Discovery in this case" [Doc. 55 p. 1]. Defendant Brown "is currently on Pre-Trial release in Michigan and is employed full time per the conditions of his Pre-Trial release" which, he asserts, has "reduced the ability for Defense Counsel to communicate with his client during normal business hours" [*Id.*]. Further, Defendant states that defense counsel and counsel for the Government are "in active negotiations regarding a plea agreement" but require additional time to prepare for trial if a plea agreement is not reached [*Id.*]. Defendant's motion reflects that he

understands the implications of a continuance on his right to a speedy trial [*Id.*]. Finally, Defendant states that counsel for the Government "has no objection to the filing of this Motion" [*Id.* at 2].

On January 22, 2024, Defendant Winbush filed a Motion to Join Co-defendant's Motion to Continue (Doc. 55) and Motion to Continue [Doc. 59]. In support of his motion, Defendant Winbush states "[d]espite due diligence, additional time will be required to further communicate with the Government regarding a potential resolution of the matter" [*Id.*]. Defendant asserts that "[a] proposed plea agreement has been provided to undersigned counsel by the Government, and additional time to discuss the terms is necessary" [*Id.*]. Additional time is further required because Defendant Winbush "remains on bond, in complete compliance, with his terms of release[,] . . . [and] resides out of state, complicating necessary travel and communication in order to comply with the presently scheduled trial schedule" [*Id.*]. Defendant's motion reflects that he understands that the period of time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes and that counsel for the Government does not oppose [*Id.* at 2].

Defendant Grace filed a Notice of No Objections to Continuance [Doc. 61] on January 23, 2024. Defendant Grace states in her motion that defense counsel "has discussed this filing with Defendant and she understands the necessity of a continuance and that time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial analysis" [*Id.*].

Defendant Myers filed his position on the matter of continuance on January 23, 2024, stating that he "has been detained pretrial for five months, since August 2023" [Doc. 60 p. 1]. Defendant Myers attributes the "slow progress of this case" to "delays in apprehending codefendants and fully unsealing the Indictment" as well as his three requests to extend the motions

2

deadline [*Id.*]. Further, Defendant Myers "has filed pretrial motions, including a dispositive motion with a request for an evidentiary hearing" [*Id.*]. "Considering the need for this hearing, the possibility of post-hearing briefs being required, and the time needed to issue a ruling, he concedes it will be impossible to maintain the current trial schedule" and therefore Defendant Myers "does not oppose a limited continuance of this matter so that the dispositive motion can be fully addressed" [*Id.*]. Finally, Defendant Myers states in his motion that "[s]hould circumstances or scheduling dictate further trial delay, the Defendant respectfully reserves the right to seek pretrial release, or in the alternative, severance from codefendants" [*Id.* at 2].

While corresponding with all parties to reschedule the trial date, Defendants Brown, Grace, and Winbush agreed on a rescheduled trial date in August 2024. Counsel for Defendant Myers, Attorney Jonathan Cooper, indicated that he was not authorized to agree to the continuance in August and stated that should the Court select one of the dates offered, he reserved the right to request a detention hearing or seek a trial severance.

The Court held a hearing on the matter of continuance on February 8, 2024. Defendants Winbush, Myers, Grace, and Brown were all present at the hearing along with their respective counsel. Assistant United States Attorney Brent Jones appeared on behalf of the Government. After scheduling a hearing on Defendant Myers's pretrial motions [Docs. 56 and 57], all parties agreed to reschedule trial for June 11, 2024.

Based upon the parties' positions, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendants Brown and Winbush need additional time to engage in plea negotiations and prepare for trial if negotiations are not fruitful, which is complicated by their residing in a different district while on pretrial release. In addition, counsel for Defendant Myers requires time to litigate his pretrial motions and otherwise prepare for trial. All of this cannot be done by the February 20, 2024 trial date.

The Court therefore **GRANTS** Defendant Prince Brown's Second Motion to Continue Trial and All Deadlines [**Doc. 55**] and **GRANTS** Defendant Antoine Winbush's Motion to Join Co-Defendant's Motion to Continue (Doc. 55) and Motion to Continue [**Doc. 59**]. The trial of this case is reset to **June 11, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the initial motion on January 18, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Prince Brown's Second Motion to Continue Trial and All Deadlines [**Doc. 55**] and Defendant Antoine Winbush's Motion to Join Co-Defendant's Motion to Continue (Doc. 55) and Motion to Continue [**Doc. 59**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **June 11, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the initial motion on **January 18, 2024**, and the new trial date of **June 11, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 10, 2024**;

(5) the deadline for filing motions *in limine* is **May 24, 2024**;

4

(6) the parties are to appear before the undersigned for a final pretrial conference on **May 28, 2024, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 31, 2024**.

**IT IS SO ORDERED.**

ENTER:

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge